**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY MORGAN, <br><br> Plaintiff, <br><br> vs. <br><br> CDK GLOBAL, INC., LESLIE A. BRUN, WILLIE A. DEESE, AMY J. HILLMAN, BRIAN KRZANICH, STEPHEN A. MILES, ROBERT E. RADWAY, STEPHEN F. SCHUCKENBROCK, FRANK S. SOWINSKI, and EILEEN J. VOYNICK, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Anthony Morgan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against CDK Global, Inc. ("CDK Global" or the "Company") and its corporate directors for violating Sections 14(d), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, Plaintiff seeks to enjoin the consummation of a proposed transaction pursuant to which an affiliate of Brookfield Asset Management Inc. and Brookfield Capital Partners VI L.P. (together, "Brookfield") will acquire the Company via a tender offer (the "Proposed Transaction").

2. On April 7, 2022, CDK entered into an Agreement and Plan of Merger with Central Parent LLC ("Parent") and Parent's subsidiary, Central Merger Sub Inc. ("Purchaser") (the "Merger Agreement"). Under the terms of the Merger Agreement, Brookfield will acquire CDK for $54.87 per share of CDK common stock via a tender offer (the "Tender Offer"). Pursuant to the Merger

Agreement, Purchaser commenced the Tender Offer on April 22, 2022.

3. On April 22, 2022, CDK Global filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that CDK Global stockholders tender their stock in favor of the Tender Offer, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer so that they can properly exercise their corporate rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Tender Offer or Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a stockholder of CDK Global.

10. Defendant CDK Global is a Delaware corporation with its principal executive offices located at 1950 Hassell Road, Hoffman Estates, Illinois 60169. CDK's shares trade on the Nasdaq Global Select Market under the ticker symbol "CDK."

11. Defendant Leslie A. Brun has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Willie A. Deese is and has been a director of the Company at all relevant times.

13. Defendant Amy J. Hillman is and has been a director of the Company at all relevant times.

14. Defendant Brian M. Krzanich has been President, Chief Executive Officer, and a director of the Company at all relevant times.

15. Defendant Stephen A. Miles is and has been a director of the Company at all relevant times.

16. Defendant Robert E. Radway is and has been a director of the Company at all relevant times.

17. Defendant Stephen F. Schuckenbrock is and has been a director of the Company at all relevant times.

18. Defendant Frank S. Sowinski is and has been a director of the Company at all relevant times.

19. Defendant Eileen J. Voynick is and has been a director of the Company at all relevant

times.

20. Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22. On April 7, 2022, CDK announced in relevant part:

HOFFMAN ESTATES, Ill.--Apr. 7, 2022-- CDK Global, Inc. (Nasdaq: CDK), a leading automotive retail technology company, has entered into a definitive agreement to be acquired by Brookfield Business Partners, together with institutional partners (collectively "Brookfield"), for a total enterprise value of $8.3 billion.

Under the terms of the merger agreement, Brookfield will commence a tender offer to acquire all of the outstanding shares of CDK. CDK shareholders will receive $54.87 per share in cash upon completion of the transaction, which represents a 30% premium to the unaffected closing price of CDK stock on Feb. 18, 2022, the last full trading day prior to market speculation regarding a potential sale of the company. The agreement was unanimously approved by CDK's Board of Directors, which recommends that CDK stockholders tender their shares in the offer.

"This transaction is an exciting next step for CDK that provides our shareholders with both certainty of value and a meaningful premium. It also allows CDK to continue executing our long-term strategy to connect our industry at every level and create an open and collaborative future," said Brian Krzanich, president and chief executive officer, CDK Global. "In consultation with our outside advisors, CDK's Board of Directors carefully evaluated a range of strategic and financial alternatives over several months and determined that this transaction is superior to all other available alternatives.

"Brookfield recognizes the unique value our products bring to more than 15,000 retail locations in North America and shares our vision of transforming the future of automotive retail. We are excited about the opportunity to further sharpen our focus on elevating the dealer and consumer experience when selling, buying or owning a vehicle. I am grateful for our team's incredible work in providing an integrated experience —from sourcing to retail sale, and beyond."

As the flagship listed vehicle of Brookfield Asset Management's Private Equity Group, Brookfield Business Partners is focused on owning and operating high-quality businesses that provide essential products and services and benefit from a strong competitive position. Brookfield Asset Management is a leading global alternative asset manager with approximately $690 billion of assets under management.

4

The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of CDK's outstanding shares, the expiration or termination of the antitrust waiting period, and other customary conditions, after which CDK's common stock will no longer be listed on the Nasdaq Global Select Market. Following the successful completion of the tender offer, Brookfield will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price. This transaction is expected to close in the third quarter of 2022.

Morgan Stanley & Co. LLC is serving as exclusive financial advisor, and Paul, Weiss, Rifkind, Wharton & Garrison LLP is serving as legal advisor to CDK. Davis Polk & Wardwell LLP is acting as legal advisor to Brookfield.

**The Recommendation Statement Contains Material Misstatements or Omissions**

23. Defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to CDK Global's stockholders. The Recommendation Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed decision as to the Proposed Transaction.

24. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"); and (b) the background of the Proposed Transaction.

*Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board*

25. The Recommendation Statement omits material information regarding the financial forecasts for the Company. With respect to the Company's "Management Case" and "Risk-Adjusted Case" projections, the Recommendation Statement fails to disclose all line items underlying: (a) Adjusted EBITDA; and (b) Unlevered Free Cash Flow.

26. In addition, the Recommendation Statement sets forth that at a November 10, 2021 Board meeting:

> representatives of Morgan Stanley reviewed and discussed with our Board of Directors the preliminary valuation analyses conducted by Morgan Stanley ***based on its analysis of management's then-existing long-range plan. Representatives of Morgan Stanley then presented analyses of management's risk-adjusted perspective on the Company's longer-term financial prospects in light of the emphasis in the Company's then-existing long-range plan*** on the Company's nascent products and recent acquisitions, changing macroeconomic conditions, ongoing supply chain disruptions, inflationary headwinds, certain execution risks, and the potential adverse impact of these on the Company's prospects and to achievement of the long-range plan.

Recommendation Statement at 16 (emphasis added). The Recommendation Statement subsequently sets forth that at a December 20, 2021 Board meeting:

> ***Management discussed with our Board of Directors management's progress in updating the Company's long-range plan*** to reflect actual performance to date as well as refinements to growth rates across various product lines and revisions to certain cost assumptions while acknowledging the continued uncertainty with respect to future macroeconomic conditions and market dynamics. The updated long-range plan prepared by the Company's management with the assistance of Morgan Stanley later was updated in March 2022 to reflect year to date performance of the business and, as updated, is further described as the "Management Case" in the section entitled "— *Certain Unaudited Prospective Financial Information.*"

*Id.* at 17 (emphasis added). The Recommendation Statement, however, fails to disclose the Company's long-range plan that was subsequently risk-adjusted and updated in March 2022, as well as a quantification of the changes made to the Company's long-range plan.

6

27. The Recommendation Statement also fails to disclose material information concerning Morgan Stanley's financial analyses.

28. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) the metric used to calculate the terminal values for the Company and quantification thereof; (b) quantification of the terminal values for the Company; (c) the Company's estimated net debt as of March 31, 2022, as provided by Company management; and (d) the number of outstanding shares as of April 5, 2022, as provided by Company management.

29. With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Recommendation Statement fails to disclose: (a) the metric to which NTV AV/Adjusted EBITDA ratios of 9.0x to 11.0x were applied and quantification thereof; and (b) quantification of the dividends estimated to be paid.

30. With respect to Morgan Stanley's *Public Trading Benchmarks* and *Precedent Transactions* analyses, the Recommendation Statement fails to disclose the individual financial metrics for each of the companies and transactions analyzed, respectively.

31. With respect to Morgan Stanley's *Broker Price Targets* analysis, the Recommendation Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

32. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

33. With respect to the third-party consultant that the Company's management team retained to "conduct an analysis of the Company's end-markets, strategic direction, macro variables and their impact on the Company's long-range plan to provide context for [the] Board of Directors in evaluating the Company's long-range plan as well as the various strategic alternatives available to the Company" (*id.* at 17), the Recommendation Statement fails to disclose: (a) the identity of the

7

consultant; and (b) the amount of compensation the consultant received and/or expects to receive in connection with its engagement.

34. In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Morgan Stanley," and "Background of the Offer and Merger" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of CDK will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9

35. Plaintiff repeats all previous allegations as if set forth in full.

36. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting CDK Global stockholders to tender their shares in the Offer.

37. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

38. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

39. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the

Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

40. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of CDK Global, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

41. Plaintiff repeats all previous allegations as if set forth in full.

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer commenced in conjunction with the Proposed Transaction.

43. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Offer commenced in conjunction with the Proposed Transaction.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of CDK Global within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of CDK Global and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement -9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

49. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and

information that they reviewed and considered — descriptions which had input from the Individual Defendants.

50. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of CDK Global, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to CDK Global stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(d), 14(e) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 3, 2022                                              **LONG LAW, LLC**

By  */s/ **Brian D. Long***
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*